McBRIDE, Judge.
Plaintiff appealed from the judgment dismissing his suit for damages sustained by his automobile as a result of it having run into the right-hand side of defendant Hobbs’s automobile on the night of October 16, 1959, in the intersection of Valence and Loyola Streets. Counsel agree that the suit was dismissed because the trial judge believed plaintiff was guilty of contributory negligence which barred a recovery.
The negligence of both defendants is evident. Hobbs’s 1953 automobile became stalled on Loyola Street for some reason or other and Williams, in order to assist Hobbs in starting the car, volunteered to push Hobbs’s vehicle with his automobile. After rapidly pushing the disabled car in a downtown direction for 30 to 40 yards, Williams stopped suddenly at a point near Valence Street so that the Hobbs car would travel forward under its own momentum. It did exactly that and shot out into the Valence Street intersection at a speed of 23 miles per hour directly into the path of plaintiff’s car which approached from the right traveling at 20 miles per hour.
Plaintiff testified he was 3 feet into the intersection before he observed Hobbs’s car which was unlighted. He claims the accident happened in mid-intersection.
Hobbs did not look and, of course, never saw plaintiff’s vehicle at any time before the crash. He declares his car was not unlighted because the parking lights were turned on. In an effort to show that his battery functioned, Hobbs stated that after the accident a police officer tested his headlights and they operated properly. If it be true the headlights operated after the accident, it is strange that Hobbs did not have them illuminated. We believe that the battery was “dead” and Hobbs had no lights whatever oil the car.
It is argued that plaintiff was con-tributorily negligent because he took no steps to avoid running into Hobbs’s vehicle. Traveling at a speed of 23 miles an hour, the Hobbs car moved at 33 feet per second and it took but a split second for Hobbs after entry into the intersection to reach the point at which the collision occurred. In such' brief time interval, it would have been humanly impossible for plaintiff to have done anything to avert the collision. The accident was inevitable.
*84 As there is no dispute regarding the amount of damages suffered by plaintiff’s automobile,
The judgment appealed from is reversed, and it is now ordered that plaintiff have judgment against both defendants, in sol-ido, for the full sum of $458.37, together with' legal interest thereon from judicial demand until paid, and for the cost of both courts.
Reversed and rendered.